Good morning, Your Honor. Anthony Colombo on behalf of Appellant Armando Avila-Rivera. Thank you. Your Honor, Mr. Avila's sentence in this case was unreasonable as it was based upon a misapplication of the guidelines. In this case, the district court determined that Mr. Avila-Rivera suffered from two aggravated felony convictions and increased the base offense level 16 levels. And in doing that, he erred. Counsel, let me ask you a question about that. At the district court, after receiving all this stuff from everybody, the district judge said to counsel at the district court, look, looks to me like you are not, it's agreed that the felonies were aggravated and that the only claim here really before me is Almadarez-Torres, that basically Almadarez-Torres is no longer good law in all its implications. The answer to the court appears to me to have been, yeah, that's right. That's all we're taking up is Almadarez-Torres. And then as the argument goes on at the court, that's all that really is argued. Why doesn't that amount to a waiver rather than a mere forfeiture? I mean, the district judge said, I understand this is all you're presenting to me. And counsel says, that's right. That's all we want to argue. Well, Your Honor, I think that that is not a completely accurate of what's in the record. First of all, what I refer Your Honor to first is the excerpt of record page 160, which is my sentencing summary chart. And in that sentencing summary chart, it specifically says – It's talking about what the district judge says to counsel. It may not be clear to counsel, but it constantly says, is it the case you don't object that the conviction, that the drug conviction, that they could qualify as aggravated felonies, but that the problem here is Almadarez-Torres, basically, and say, yes, Your Honor, that's the case. So that's what the Court's told at the hearing. I think that you have to read further on. Yes. And the lines after that on page – excerpt of record page 177. I think that in order for Your Honor to consider those prior convictions, Your Honor would need to make some findings beyond just the fact of prior convictions in order to apply the aggravated felony analysis in determining whether under the guidelines it is an aggravated felony. So my argument at the district court level concentrated on Almadarez-Torres and because it was post-Blakely, it was a recent issue that had arisen, and you can't even get to the Taylor analysis, the categorical analysis, the modified categorical analysis as to what I argued in my brief, until you determine that Almadarez-Torres, as it was in the district court, didn't apply. Now, I did not have the opportunity to specifically argue concerning the – Why is that a predicate? I don't think I quite understand that. I mean, you can argue that the aggravated felonies don't qualify factually under the Taylor analysis, I guess, under modified without reaching Almadarez-Torres, right? Well, I think – Did I misunderstand your argument? Well, I think what Judge Fernandez was approaching is that I never, at the district court level, argued the categorical approach or the modified categorical approach. Yes, I understood that. But then you said that your Almadarez-Torres argument subsumed the others. That part I didn't understand. Well, I think – I mean, I don't think – we have all sorts of cases, including Rivera-Sanchez and all those cases we've had in this – where we've dealt with this precise issue without dealing with any of the Almadarez-Torres problems. Am I missing something in your argument? Well, what I think, Your Honor, is that the Almadarez-Torres argument is based upon the fact that the Supreme Court in Shepard and Hanley has determined that it's doubtful – the constitutionality of it is doubtful. Right. And what you have to do is apply Almadarez-Torres to the specific facts of that case. And in Almadarez-Torres, the facts of that case was that the defendant admitted the prior conviction and admitted the facts that the judge would have to rely upon to determine that he qualified for an aggravated felony. In this case, it wasn't alleged in the indictment and it was never admitted by the defendant at trial or at any other time that he suffered this aggravated felony conviction. But really, isn't your Taylor argument independent of your Almadarez-Torres argument? Don't they stand independently? Yes. Yes, they do. Okay. And then Judge Fernandez's question is, did you waive the Taylor argument before the district court? I don't think I did, and there's several reasons why. One is that I specifically objected to those calculations in my sentencing summary chart, which is on the excerpt of record, page 160. The second is, is that I don't believe that what I was arguing to the district court is we don't even get to that at the Taylor analysis, the modified categorical analysis approach, until you consider this. Now, I did not, in fact, argue, as I did argue in my briefs, the Taylor analysis. But if you look at the government's – even if I did not argue it, I don't believe I waived it and it would be on a plain-error standard. However, I do believe that it was preserved, and the government concedes in their response brief that the analysis that this Court has to conduct is de novo. And I believe that it is a de novo review for the Taylor analysis. What I believe in this case, Your Honor, is that in the court's Taylor analysis that they conducted, it was – the judge's approach in Rios-Beltran and others of saying that if it's under – if it's basically any drug offense that's punishable by a felony under State or Federal court, that's going to qualify. Why doesn't – why don't these qualify? I mean, just for getting questions, a waiver. What would – The Washington State conviction doesn't qualify because it punishes a more broad range of conduct than it does. But the argument here is under the modified Taylor approach, isn't it, under Washington? Well, I – it's under both. In looking at the categorical approach by Taylor, the statute is too broad. And the reason why is because in Washington it punishes actual knowledge, but it also punishes that the reasonable person should or would be aware. And Federal law does not cover that broad of a concept. So I think under the categorical approach that it's overbroad. In looking at the modified categorical approach and examining the documents of conviction, there is nothing in the information or in the judgment and conviction that demonstrates that the standard was knowledge. It doesn't state that. So we are not aware. If you look at the probable cause statement, it does state that he sold to an undercover officer. However, under Shepard, that's not something that could be considered. And in looking at the charging document alone, it's not clear. And even – and the only thing that we have is the charging document. And under COVAC, which is cited in my brief, even if we did just look at the charging document, that's not enough. So I think under either the categorical approach or the modified categorical approach, that this is overbroad. And it's not within the realm of an aggravated felony. I think – The information charges him with unlawfully and feloniously delivering cocaine to Officer Hill, knowing that it was a controlled substance. Why isn't that specific enough on knowledge? Well, because the way that Washington State defines knowledge, they define knowledge by, one, actual awareness, and, two, that a person – he who has information would lead a reasonable man in the same situation to believe the facts existed. The difference is that under Washington State law, knowledge can be proven even where the defendant was not actually aware of the facts known, and that's not something that Federal law allows. I would like – I think your argument would be partly that any time knowledge appears in a Washington State statute, it's going to be overbroad under Taylor, period. Yes. Yes. I would like to reserve the last minute that I have for rebuttal. Thank you. Ms. Sullivan? Good morning. May it please the Court, Stacey Sullivan on behalf of the United States. Your Honor, it's the United States' position that, in fact, the sentencing enhancement here is constitutional. It was correctly applied. And, in fact, the two – probably the most important factor here has already been hit upon by the Court, and that is that the two convictions that the United States submitted in support of its request for the enhancement, both of them on their face, with – if you the judgment and conviction contain explicit facts that establish that both of these crimes, both Utah and Washington State, were, in fact, drug trafficking offenses. I have a little problem. Two problems, really. The argument you're making now sounds very much like the argument in the brief. Is the government conceding that, but for those informations, that the statutes are overbroad? Overbroad? The government never argued they were not overbroad in its briefs, anyway. That's correct. We're not conceding that issue, but we're stating it's not necessary to reach that issue. Where are we supposed to go? We don't agree with your necessity argument. Then we – since you don't argue the contrary, I take it we should assume that they're overbroad. The government didn't argue the contrary. Well, we didn't argue it to the contrary because we didn't believe it was necessary to reach that argument. But let's talk about necessity. Correct. It seems to me we have cases that say the fact that something is pled in the information is completely insufficient to bring it within the Taylor analysis, the second step of the Taylor analysis. So information just won't do it. We don't know what the person was actually found guilty of just because the information said X. We have no way of knowing that if we don't see a judgment or jury instructions to tell us what he was found guilty of beyond the stuff in the information, that has a narrative. What do we do with those cases like U.S. v. Winner? And also – I presume you're also referring to Kovach. And I would argue that Shepard on its face allows this court to consider the information, the charging document, on its face along with the judgment and conviction as to evidencing that he in fact pled guilty. Along with what? The judgment and conviction. The certified copies of the judgment and conviction along with the charging document which contains the sworn statement of the officers as to the exact facts of the crime committed. I don't see that in our case. Our cases seem to say if you've got a judgment and you've got an indictment or an information, that's not enough to narrow it all by itself. There's a problem with the plea agreement. The plea agreement is something you can use. But on the Utah plea agreement, it says offer and agree. Now, that doesn't tell me anything with respect to the statute if it's overly broad. And I don't think we can get to the information. We have to get to what he pled to. I have trouble with the Utah conviction. Let's – setting aside the Utah conviction, the Washington conviction itself would – Maybe, but let's talk through the Utah conviction. All right. Let's do. First of all – Don't go to your B argument before you address the A argument. Well, first of all, I would say that the Utah – you plead guilty to the crime charged in the information. I would argue, and I think the case law would support this, that in fact, in the absence of evidence to the contrary and information containing specific facts that are sworn before the court in conjunction with the judgment and conviction outlining the statute that contains the actual crime pled guilty to, that is the factual basis for the guilty plea. That is how you determine – How does that help you in Utah, though? Turning to – In Utah, you've got count one, which says the intentionally – it just recites the facts of the statute. Knowingly, intentionally distribute, offer, agree, consent, or arrange to distribute a controlled substance. The Utah judgment and convictions specifically contain sworn facts by the officer stating that he sold him a baggie of cocaine. It was not a solicitation offense. He purchased a baggie of cocaine. That's a probable cause statement. The probable cause statement is part of the information in the state of Utah. Now, it says the information is based on the evidence obtained from the following witnesses, and there's a probable cause statement. Well, I would argue under Shepard, that's a judicially recognizable document, because it outlines the facts sworn before the court that constitute the crime in this case. I don't think that's – I mean, I don't want to crawl with you, but having been down this road a lot, I don't think that's quite where we've gone in this. We've excluded police reports and sworn statements. What we're looking at is – and this wasn't our idea. The Supreme Court set it down in Taylor, and then they – we thought that Shepard was probably the way they had – and Shepard confirmed our analysis on that. But they want – they don't want collateral disputes about what happened on these other crimes. They don't want collateral litigation. So what they want is what did the person plead guilty to? What did he admit? What is the judgment of conviction? What does the jury instructions say? Those are the judicially noticeable documents, so they don't want anything collateral. The problem I have with the Utah one is that you charged him with the statute, which is, I think, overly broad. At least you don't contest that. I don't contest that the Utah statute on its face could include solicitation and would make it overly broad. But I think it comes down to the realm of the actual facts in the information. Well, I know Your Honor stated you don't believe the probable cause is part of the information. No, and I'll take a look at you. I'll take a look at the Utah statute on that. But it's – he didn't – regardless of what was charged – I mean, you can plead guilty to something that's different from what was charged. If you say, I'm going to plead guilty to the charge, period, that's one thing, I suppose, if you're sufficiently specific in the information or the indictment or whatever you have. But here he pleads guilty on a pre-printed form. It says, Offer Agree, which doesn't tell me anything. And I would argue he's pleading guilty to the facts alleged in the information. And unless we had a superseding information, which is commonly done when the factual basis has changed at the guilty plea, the information that was actually filed with the court is what the defendant pled guilty to and the conduct he agreed to, that he committed when he pled guilty. Well, I understand your frustration. I mean, the other side of the coin on that is you're sending someone to prison for many, many more years based on something that otherwise we have to get right into the facts and find out what happened in the crime. So those are the two sides of the argument. I understand the court's concern. And the government does concede that if that information did not contain the facts that it contains regarding the actual purchase of the cocaine, it would be overbought as a solicitation offense. There's no doubt about that. But that's not the case here. Let's get to the Washington information. His argument is that the word no in the information in Washington has to be read in connection with the definition of knowledge that's in the statute, and therefore because the knowledge in the statute is overly inclusive, therefore the information is insufficient. How do you respond to that? Well, first of all, I think my first response would be that, number one, the information is specific. It specifically states that he purchased, that the undercover officer asked for cocaine. He said, here's your cocaine. They purchased it. How much more specific can you be as to actual knowledge of what you are doing? But also in response to the second portion of your question, and that is the knowledge, the defense is arguing that the definition of knowledge that applies to all of Washington's statutes across the board, not specifically this particular one, makes it overbroad. And I would say no. There's no case law cited by the defense whatsoever that says that this, that constructive knowledge is adequate. And I would argue for this particular crime, and I would argue the language of the statute itself mandates you'd have to know you were selling an illicit drug in order to be convicted of this statute. Simply, you cannot apply the general constructive knowledge definition to this particular statute on its face. In order to sell or offer for sale a controlled substance, you have to know what you're offering for sale. What about deliberate indifference? You have, that's what the Washington statute looks like, is a kind of deliberate indifference kind of argument, which I don't like as an argument, but hey, that's what it says. So I may not know that I'm selling you a controlled substance. There might just be a lot of stuff out there that would suggest to me, if I weren't being deliberately indifferent, that I was selling you a substance. And I would argue the plain language of the Washington statute makes that nonsensical, that you'd have to know it was a controlled substance. And under Federal law, we have a dual instruction for precisely that type of situation. You just keep saying no, no, no, but Washington says when we say no, we mean X. In a general sense of the statutes themselves. I mean, the statute, the definition of knowledge. When a legislature tells me any time we use the word X, we mean X, it seems to me I should take them at their word. Unless the plain language of the statute would contradict it. And I think here the plain language of the statute requires it. It seems to me Washington allows for the possibility that someone may deliver a substance not knowing that it was cocaine in the sense of actual knowledge, but would allow conviction because they were deliberately indifferent to the transportation. I mean, let's take the mule situation. You don't know what's in the package. And therefore, it gets delivered. It says, well, I didn't know. I never saw what was in the package. You asked me to deliver that. It seems to me that maybe the Washington legislature might say, well, you still can be convicted of delivering it because your knowledge is deliberate indifference. I'm just suggesting that. Federal law would allow that, too, though. Sure. So it's not overbroad. If federal law would allow a conviction under deliberate indifference. Well, I'm just giving you a for instance. You said you would have to know that it was delivering a controlled substance. Well, yes, maybe no. Or, you know, Washington could choose to put whatever definition of knowledge. I think the point is you've got to match it up with the federal definition and then see what's pled in the indictment, if we need to get that far to see what no means in the indictment. So my simple question is, when Washington used the word no in the indictment, do we have to look at the gloss of Washington law or can we assume that it was used in its plain meaning? I think we can assume it's used in its plain meaning. I would think that the general definition of the word knowledge as it applies to all of the Washington statutes, which is what Mr. Colombo argues, would only apply if the statute itself, the specific statute you're looking at, is not clear as to what knowledge means. Okay. I think we have your argument. Ann, any further questions? Thanks. We took you over your time with your questions. Five questions. You know, just one final on your... If we look at the record and we see what you say and we would agree, would you have some affirmative duty to clarify before the sentence was entered because, and the reason I ask the question is because this situation can arise and when it does arise, aren't we just limited to look to see what does the record say? Are you referring back to Judge Fernandez's... Yes, to the overbroad argument that you make in the Washington definition of knowledge. I'm not understanding Your Honor's dual question. Of course. You are suggesting that he didn't, he may not have had knowledge because the definition in Washington is... Exactly. We do not... And I'm suggesting that when we look at this, what tells us, other than the definition of knowledge in Washington, what tells us that here it wasn't actual knowledge? You think every time it must necessarily, it's never certain that it's actual knowledge  Yes, Your Honor. I think it's the government's burden to prove that his conduct was within what is punishable by Federal law. And I think under the documents that they submitted, they did not prove that. That's one. Secondly, I... I don't want to start you down, but I just wanted to be sure that that was clear, that that's the basis of your... Why shouldn't we take the plain use of, in the indictment, the word no and it's, because usually when people, when prosecutors are concerned about this, they tend to use language that might say that aware of a fact or circumstance as a result, et cetera, et cetera. I mean, if they've got a case in which the knowledge is a problem, at least a good prosecutor hedges a little bit in the indictment and would include the statutory language. Why shouldn't we presume that that's the case there? Because otherwise we're to a categorical approach on them. We're impressing the categorical approach on the information, aren't we? Yes. And I think that, one, you're assuming that that's a good prosecutor who's going to do that. And I think that... There are good prosecutors in Washington, I think. I'm sure there are. I've never... And we also assume that a good defense counsel is going to make sure he's got his record because something's going to happen down the road and we're going to make sure they have no trouble about it. On this record, we don't see it. Well, I think that knowledge as it is defined in Washington punishes actual awareness and also the reasonable man, which is totally different than deliberate ignorance because deliberate ignorance, you have to concentrate on what the defendant actually knew or should have known. It doesn't approach the reasonable man standard. So I think that even though the definition of knowledge in there would allow Mr. Avila to have pled to knowledge, actual awareness, or at the time he should have known as the reasonable person, the other definition of knowledge in Washington. We don't have any other documents or plea colloquies or plea agreements that defines that. So I think as that, it is overbroad as a whole. Okay. Thank you, counsel. Thank you. Cases will be submitted. The next case on the oral argument calendar is United States versus Trevino.
judges: Farris, Fernandez, Thomas